UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>      Plaintiff<br><br>      v.<br><br>MARY M. WALKER, in her individual capacity<br><br>      Defendant | Civil Action No.05-10102 RWZ |

## STIPULATION OF CONFIDENTIALITY AND ORDER

1. The parties hereby stipulate and agree as follows:

### DEFINITIONS

2. "Confidential Documents" as used herein means the plaintiffs' medical records from 1995 through 2005 and any schedules and attachments thereto.

### DISCLOSURE AND USE OF CONFIDENTIAL DOCUMENTS

3. All confidential documents shall be used solely for the prosecution and defense of this lawsuit. Confidential documents shall not be disclosed except in accordance with the terms, conditions and restrictions of the Stipulation and Order, which shall operate as an injunction. Except by consent of the plaintiff, or by order of the Court, confidential documents produced in his proceeding shall not be used by the defendant for any purpose other then in connection with the preparation and trial of this action.

4. Confidential documents may be inspected only by the following persons:

    a) Counsel of record for all parties in this litigation, any lawyers specifically employed by them in connection with the litigation and any employee of such counsel actually assisting with this litigation.

      b) Experts, consultants or other persons retained by or on behalf of any party to provide assistance or testimony in connection with this litigation.
      c) The Court and any persons employed by the Court whose duties require access to any confidential information.
      d) The parties.

Before disclosing any confidential information to any person specified in paragraph 4(b), counsel to the defendant shall advise each such person of the provisions of this Stipulation and Order and advise such person that he or she is bound by its terms.

5.    Within ten (10) days after the final adjudication or settlement of all claims in this case, counsel for the defendant shall, if so requested by the plaintiff, either a) return all confidential documents, or b) destroy all such documents.

6.    Nothing herein shall be deemed to restrict in any manner the use by any party of its own documents or materials.

7.    Either party may apply to this Court at any time, upon proper notice, for a modification of this Stipulation and Order.

8.    This Stipulation and Order is without prejudice to any party's right to assert any evidentiary privilege, including but not limited to the attorney-client or work product privileges, or to any other party's right to contest any such assertion.

9.    Nothing in this Stipulation and Order shall prohibit a party from seeking further protection of discovery material by stipulation among all the parties, subject to court approval, or by application to the Court.

                                                Respectfully submitted,

                                                JEFFERSON JONES
By his attorneys,

/s/ Michael Altman
Michael L. Altman, BBO #016800
Theresa Labriola, BBO #662262
Altman & Citron, LLP
100 Franklin Street
Boston, MA 02110
(617) 742-2772

Assented to:

MARY WALKER
By her attorneys,

/s/ Peter Montgomery
Peter Montgomery, BBO #016800
Brody, Hardoon, Perkins & Kestin, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Assented to:

/s/ Andrew Gambaccini
Andrew Gambaccini, BBO #654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

Dated: January 11, 2006


Approved by the Court

Dated: January __ 2006                                      _____