UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFERSON JONES,                    :
        Plaintiff,                  :
                                    :      C.A. No.:  05-10102-RWZ
v.                                  :
                                    :
MARY WALKER,                        :
        Defendant.                  :
_____:

## DEFENDANT MARY WALKER'S MOTION FOR LEAVE TO DEPOSE FOLLOWING THE CLOSE OF DISCOVERY

Now comes Defendant Mary Walker, by and through her undersigned counsel, and

respectfully requests that this Court grant leave for the undersigned counsel to depose Mr. Robert

Braun, a percipient witness to the incident underlying this litigation and a witness whose breadth

of critical informational knowledge did not become known to counsel for Defendant Walker until

after the close of discovery and after the further scheduling conference that took place on May

23, 2006.  It is not expected that the allowance of this Motion for Leave will impact the

remaining scheduled events, including the jury trial set to commence on September 25, 2006.  In

support of this Motion, the Defendant states the following:

This matter, brought under federal and state civil rights theories, involves the Plaintiff

having been taken into custody on June 28, 2003 by Defendant Mary Walker of the Wareham

Police Department, a seizure that the Plaintiff claims was wrongful and during which the

Plaintiff alleges that he was subjected to the use of an unreasonable amount of force while being

handcuffed.  That seizure was precipitated by events occurring on a fishing trip aboard the Onset

Chief, events that caused the boat's captain, Mr. Benjamin Braun, to contact his father, and the

boat's owner, Mr. Robert Braun, to ask that police personnel meet the Onset Chief as it returned to dock.

In Defendant Mary Walker's Automatic Disclosures, both Messrs. Benjamin and Robert Braun were identified with individuals having knowledge of the subject matter of this litigation, however all information indicated at that time that Mr. Robert Braun's only involvement in this incident was receiving a call from Mr. Benjamin Braun asking his father to contact the police, and Mr. Robert Braun's subsequent call to the Wareham Police Department. In essence, Mr. Benjamin Braun reasonably was believed to be a critical witness as to events occurring on the Onset Chief causing the police to be summonsed, while Mr. Robert Braun was believed to be a non-essential witness insofar as he was not aboard the boat and merely relayed his son's request for assistance to the Wareham Police Department.

During the course of discovery, Plaintiff's counsel noticed the deposition of Mr. Benjamin Braun, however, Mr. Benjamin Braun had a scheduling conflict with the date proposed and Plaintiff's counsel never re-noticed the deposition. Thereafter, Defendant's counsel noticed the deposition of Mr. Benjamin Braun for April 13, 2006. Mr. Benjamin Braun indicated that he would attend the deposition and that the timing was convenient for him, insofar as he was scheduled to leave for an extended period of time at sea shortly after the April 13, 2006 deposition date. On April 13, 2006, counsel appeared for Mr. Benjamin Braun's deposition, but the witness did not appear. During several telephone calls, Mr. Benjamin Braun indicated that he was on his way, was stuck in traffic, could not locate the office and also that his cellular telephone was almost out of batteries.

At the further scheduling conference on May 23, 2006, the Court was advised of the

situation involving Mr. Benjamin Braun and also advised that Defendant's counsel still wished to take his deposition. During that same conference, the Court constructed the temporal framework for the remainder of this litigation, including the scheduling of a final pretrial conference on September 13, 2006 and a jury trial that is set to begin on September 25, 2006.

Thereafter, an attempt was made to contact Mr. Benjamin Braun directly to determine when he would be returning from his extended trip at sea. In the event that Mr. Benjamin Braun could not check his messages, another, indirect attempt was made by Defendant's counsel to contact Mr. Benjamin Braun through his father, Mr. Robert Braun. In the course of explaining why his son was being sought for testimony, Mr. Robert Braun indicated that he actually had responded to the dock himself when the Onset Chief returned to shore and had observed, from a distance of just a few feet, the entirety of the interaction between the Plaintiff and the Defendant. Mr. Robert Braun further indicated that Mr. Benjamin Braun was then off the coast of Louisiana, and that Mr. Benjamin Braun, when his trip was completed, would be taking up residence in Florida.

Accordingly, based on this new information, Defendant's counsel noticed the deposition of Mr. Robert Braun for June 16, 2006. By correspondence dated June 9, 2006, Plaintiff's counsel indicated that they wished to reschedule the deposition, insofar as there existed a scheduling conflict on that date. That correspondence further indicated that, since the time period to conduct discovery had expired, Plaintiff's counsel preferred to secure judicial approval for the taking of the deposition.[1] Although the deposition notice indicated that the deponent

---

[1]As mentioned, however, this subject was discussed at the May 23, 2006 further scheduling conference and the Court specifically inquired, with respect to scheduling, whether discovery *other* than the deposition of Mr. Benjamin Braun needed to be conducted by the

would be Mr. Robert Braun, Plaintiff's counsel apparently believed that the notice referred to Mr.

Benjamin Braun, as the correspondence went on to state that Plaintiff's counsel would be "more

than willing to assent to a motion to extend discovery for this limited purpose, particularly in

light of both of our previous attempts to depose Mr. Braum [sic]."

Defendant's counsel then contacted counsel for the Plaintiff, agreeing to reschedule the

deposition given the conflict, but also advising that it was Mr. Robert Braun whom the

Defendant sought to depose, given the recent revelation as to his personal observations of the

interaction between the Plaintiff and the Defendant. In later correspondence, Plaintiff's counsel

indicated an unwillingness to agree to the taking of Mr. Robert Braun's deposition, necessitating

the instant motion.

As is revealed by this sequence of events, counsel for the Defendant were unaware of Mr.

Robert Braun's personal observations of the interaction between the Plaintiff and the Defendant

until after the close of discovery in this matter. Moreover, upon belief, these personal

observations by Mr. Robert Braun go to the very core of this litigation, including the justification

for the Plaintiff being placed into protective custody and the manner in which the Plaintiff was

handcuffed. These observations render Mr. Robert Braun an absolutely vital percipient witness.

Accordingly, Defendant Mary Walker seeks leave to take the deposition of Mr. Robert

Braun. As Mr. Robert Braun has expressed his availability for a deposition during the month of

July, 2006, it is not expected that the taking of the this deposition will in any way impact the

scheduling of either the final pretrial conference or the commencement of trial, both now

scheduled for September, 2006. Finally, there is no prejudice to the Plaintiff as a result of the

_____

parties.

taking of this deposition, as Plaintiff's counsel previously has indicated a willingness to assent to

a motion to take the deposition of Mr. Benjamin Braun during this same general timeframe.

                                        The Defendant
                                        Mary Walker
                                        By her attorneys,


                                        /s/ Andrew J. Gambaccini
                                        Andrew J. Gambaccini
                                        BBO#: 654690
                                        Reardon, Joyce & Akerson, P.C.
                                        397 Grove Street
                                        Worcester, MA 01605


                                        /s/ Peter Montgomery
                                        Leonard Kesten
                                        BBO#: 542042
                                        Peter Montgomery
                                        BBO#: 632698
                                        Brody, Hardoon, Perkins & Kesten, LLP
                                        One Exeter Plaza
                                        Boston, MA 02116


                        **CERTIFICATE OF SERVICE**


        I hereby certify that the foregoing, filed through the Electronic Case Filing System, will
be sent electronically to the registered participants as identified on the Notice of Electronic Filing
and that a paper copy shall be served upon those indicated as non-registered participants on June
30, 2006.


                                        /s/ Andrew J. Gambaccini
                                        Andrew J. Gambaccini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFERSON JONES,           :
    Plaintiff,         :
                               :    C.A. No.:  05-10102-RWZ
v.                         :
                               :
MARY WALKER,               :
    Defendant.         :
_____:

## CERTIFICATE OF COMPLIANCE WITH LR, D.MASS. 7.1 and 37.1

Now comes counsel for Defendant Mary Walker and hereby certifies that a good faith

attempt to resolve or narrow the issue(s) presented by this Motion for Leave to Depose Following

the Close of Discovery has been made pursuant to Local Rules 7.1 and 37.1 of the District Court

in that the undersigned counsel has spoken and otherwise communicated with counsel for the

Plaintiff.

                              /s/ Andrew J. Gambaccini
                              Andrew J. Gambaccini