UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>      Plaintiff<br><br>v.<br>MARY M. WALKER, in her individual capacity<br><br>      Defendant | Civil Action No.05-10102 RWZ |

## PLAINTIFF JEFFERSON JONES'S OPPOSITION TO DEFENDANT MARY WALKER'S MOTION FOR LEAVE

On June 30, 2006, the Defendant, Mary Walker ("Walker") filed a Motion for Leave to depose Robert Braun following the close of discovery. The Plaintiff, Jefferson Jones ("Jones") requests this Court to deny Walker's Motion for Leave because factual discovery for this case concluded on April 13, 2006.[1] In further support of his opposition, Jones submits the following:

On June 28, 2003, Jones, and a number of other passengers, departed from Onset Bay for a fishing trip aboard the Onset Chief. Events aboard the ship caused the boat's captain, Benjamin Braun, to contact his father, Robert Braun, and request that the police meet the boat when it returned to dock. After returning to shore and departing from the boat, Jones was taken into protective custody by Walker, a member of the Wareham Police Department. Jones argues that Walker's seizure and unreasonable use of force violated both his federal and state constitutional rights.

---

[1] Affidavit of Patrick T. Taverna ("Taverna Affidavit") ¶ 6.

1

Benjamin Braun has been scheduled to be deposed twice. His deposition was first noticed by the Plaintiff for November 29, 2005,[2] and then again by the Defendant for April 13, 2006.[3] However, due to scheduling conflicts and travel difficulties, Benjamin Braun did not appear on either date.[4] Factual discovery concluded on April 13, 2006.[5]

Walker now states that Benjamin's father and the Onset Chief's owner, Robert Braun, has pertinent discoverable information that goes to the "very core of this litigation" because he was present on Onset Pier and viewed the interaction between Jones and Walker.[6] Moreover, Walker states that it wasn't until talking to Robert Braun while attempting to locate Benjamin Braun, that Walker learned that Robert Braun would be a "vital percipient witness."[7]

While Walker asserts that she was unaware of Robert Braun's potential significance as a witness until recently, the November 29, 2005, deposition of Rollin Buckminster ("Buckminster"), Wareham's Assistant Harbormaster reveals otherwise.[8] Buckminster forwarded a telephone call from Robert Braun requesting the police to respond to a disturbance aboard the Onset Chief. During his deposition, Buckminster was specifically asked if Robert Braun was present at the time the Onset chief came to shore:

> Question: So Bob Braun was also on the pier?
> Answer: Yes. Yes he was. . . . Robert Braun **was always** on the pier. Anytime that boat came in he was helping it dock.[9]

---

[2] Taverna Affidavit ¶ 3.
[3] Taverna Affidavit ¶ 5.
[4] Taverna Affidavit ¶¶ 3, 5.
[5] Taverna Affidavit ¶ 6.
[6] Defendant Walker's Motion For Leave p. 4.
[7] Id.
[8] Taverna Affidavit ¶ 4
[9] Id.; Deposition of Rollin Buckminster p. 23.

This deposition was conducted on November 29, 2005. Clearly, the statements by Buckminster put Walker on notice that Robert Braun was on the pier when the Onset Chief came in to dock and was potentially knowledgeable about the events that transpired on June 28, 2003. Despite this disclosure by Buckminster, Walker took no action with respect to Robert Braun during the discovery period.

Walker further argues that Jones agreed to conduct Benjamin Braun's deposition after discovery had closed so she should be able to depose his father instead. However, that agreement was made in light of the good faith effort by the Defendant to conduct Benjamin Braun's deposition during the discovery period and moreover, because Benjamin was likely to be unavailable at trial. Robert Braun could have been deposed any time prior to April 13, 2006. Discovery ended three months ago; it should not be reopened without a good reason to do so.

For the reasons stated above, Plaintiff Jones requests that this Court deny Defendant Walker's Motion for Leave. In further support of his opposition, Jones has submitted the affidavit of Patrick T. Taverna and the relevant pages of Rollin Buckminster's deposition.

Respectfully submitted,

Jefferson Jones,
By his Attorneys,

/s/ Michael L. Altman
Michael L. Altman, BBO #016800
Patrick T. Taverna, BBO #664612
Altman Riley & Esher LLP
100 Franklin Street
Boston, MA 02110
(617) 339-7300

Dated: July 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 14, 2006.

/s/ Michael L.Altman
Michael L. Altman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>      Plaintiff<br><br>      v.<br>MARY M. WALKER, in her individual capacity<br><br>      Defendant | Civil Action No.05-10102 RWZ |

### AFFIDAVIT OF PATRICK T. TAVERNA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE

Patrick T. Taverna declares under the penalties of perjury that he has personal knowledge of the facts set forth in this affidavit and that he declares them to be true.

1. I am a member of the federal bar of the District Court in the District of Massachusetts.

2. I am co-counsel for the Plaintiff in this case.

3. Plaintiff noticed the deposition of Benjamin Braum for November 29, 2005, but Benjamin Braum did not appear because of scheduling issues.

4. Plaintiffs conducted the deposition of Rollin Buckminster ("Buckminster"), Wareham's Assistant Harbor Master, on November 29, 2005. Attached is a true copy of page 23 of Buckminster's deposition.

5. Defendant noticed the deposition of Benjamin Braum for April 13, 2006, but Benjamin Braum did not appear due to traveling issues.

6. Factual discovery in this case concluded on April 13, 2006.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 14th DAY OF JULY 2006.**

                                        /s/ Patrick T. Taverna
                                        Patrick T. Taverna

2

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 14, 2006.

                                      /s/ Michael L. Altman
                                        Michael L. Altman

1   up to dock, the captain's window is right at the steps
2   where the people come off.
3       Q.   Okay.
4       A.   And at that point they didn't yell to the
5   captain but they did state -- they asked -- it was -- I
6   believe it the officers, the owner Robert Braum, and Ben
7   Braum the captain, and I don't know if it was relayed
8   through Bob Braum to the captain and then they pointed
9   out from there who it was.
10      Q.   So Bob Braum was also on the pier?
11      A.   Yes.  Yes, he was.
12      Q.   But not on the boat?
13      A.   Robert Braum was always on the pier.  Any time
14  that boat came in he was there helping dock.
15      Q.   So you heard a conversation between the officers
16  and Ben Braum and the captain?
17      A.   Yeah, okay.  Yes, just to find out who the
18  individual was.
19      Q.   Do you remember what was said exactly?
20      A.   No, I don't.
21      Q.   The gist of the conversation?
22      A.   Who was the individual.
23      Q.   And who pointed out the individual?
24      A.   I believe it was a deckhand that was on the