UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>      Plaintiff<br><br>      v.<br><br>MARY M. WALKER, in her individual capacity<br><br>      Defendant | Civil Action No.05-10102 RWZ |

**PRE-TRIAL MEMORANDUM**

**I.  CONCISE STATEMENT OF THE EVIDENCE**

    **A) Plaintiff**

On June 28, 2003, Jefferson Jones ("Jones") took a chartered bus with approximately 30 other fishing mates from Brooklyn, New York to Onset, Massachusetts to go on a fishing expedition aboard a boat named the Onset Chief.  During the fishing trip, Jones and other passengers complained about insufficient bait.  After voicing their complaints, the Captain of the Onset Chief, Benjamin Braun told them that they would be heading back to shore early.

Upon arrival back at the pier in Onset, several police officers were standing at the pier.  One of the police officers was the defendant, Wareham Police Officer Mary Walker ("Walker"), who began to interrogate Jones.  Walker demanded that Jones produce a fishing license or some form of ID so that she could check to see if he had any outstanding warrants.  Then, without giving Jones a breathalyzer test or asking him to perform any field sobriety tests, Officer Walker arrested Jones and handcuffed him.

Jones immediately cried out in pain screaming that the cuffs were too tight. When the cuffs were finally loosened, Jones was in tears from the pain in his wrists.

Walker escorted Jones to her squad car, and then drove him to the police station. Jones was not charged with a crime and was ultimately released after being held for two hours. Jones's chartered bus group picked him up at the police station and they headed back to Brooklyn.

Jones's wife, Pamela, picked him up in Brooklyn and they returned to their home. Jones was still in intense pain so he called an ambulance to take him to Brooklyn Hospital where he was treated for injuries to his wrists and released.

As a result of the handcuffing and arrest by Officer Walker, Jones developed carpel tunnel syndrome in both his wrists, suffered from post traumatic stress syndrome, and continues to experience pain and numbness in his hands and wrists. Furthermore, Jones's injuries prevented him from returning to work as a carpenter. Jones had secured a new, well paying job a week prior to the June 28, 2003 incident that was set to pay him approximately $200 a day. Jones did not have any hand or wrist problems prior to this incident.

Officer Walker will admit that she did not arrest Jones for committing a crime. She will testify that she arrested and handcuffed Jones in accordance with M.G.L. ch. 111B §8, a Massachusetts statute that allows police officers to take people into custody if they are incapacitated. In this case, she will testify that she had reason to believe that Jones was intoxicated and a danger to himself. However, there will be scant evidence that Jones was intoxicated and no evidence that he was a danger to himself.

In summary, the evidence will show that Jones was seized without probable cause in violation of the fourth amendment and the Massachusetts States Civil Rights Act.

**B) Defendant**

Officer Mary Walker was an on-duty patrol officer with the Wareham Police Department on June 28, 2003, when she was dispatched to the Onset Pier to respond to a complaint about an intoxicated male who was causing a disturbance on the Onset Chief, a charter fishing boat.  The ship's captain, Ben Braun, has called his father, Robert Braun, while at sea to request that his father have the police greet the boat when it arrived back at the pier.  Officer Walker and other police officers of the Town of Wareham were at the pier when the Onset Chief returned to port and were told by the elder Braun that a particular individual on the boat was intoxicated and had caused a disturbance on the boat.  When the boat docked, the captain/and or members of the crew pointed out the plaintiff Jefferson Jones as that individual.

When Mr. Jones disembarked from the boat, Officer Walker approached him and asked him for his identification.  Jones refused the request.  Jones was uncooperative, belligerent and surly.  His eyes were red, he was unsteady on his feet and his speech was difficult to understand. Based upon her observations of Mr. Jones behavior and her reasonable belief that Jones presented a danger to himself, Officer Walker took Mr. Jones into protective custody.

Jones was handcuffed and taken to the Wareham police station.   Efforts to administer a breathalyzer test failed because Mr. Jones could not muster a hearty puff for the machine – he blamed his asthma for his shortness of breath.  The charter bus that Mr. Jones had taken from New York came to the police station and Mr. Jones was released.

3

Mr. Jones has no documentation to support his claim of lost wages. Defendant will introduce expert medical testimony that Mr. Jones alleged carpal tunnel syndrome has no relation to the events of June 28, 2003.

**II.   FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATION OR BY ADMISSIONS OF COUNSEL**

No facts have been established.

**III.   CONTESTED ISSUES OF FACT**

A) Plaintiff

1) Jones was not intoxicated at the time he was taken into protective custody;

2) Jones was not a danger to himself or to others when he was taken into protective custody;

B) Defendant

1) Whether a reasonable police officer could have believed that she had probable cause to believe that Jones was incapacitated.

**IV.   JURISDICTIONAL ISSUES**

There are no jurisdictional questions at issue in this case.

**V.   QUESTIONS RAISED BY PENDING MOTIONS**

A. Plaintiff's Motion in Limine (Not Yet Filed)

- Are the statements of Benjamin Braun allegedly made to his father, Robert Braun, who is also the owner of the Onset Chief, inadmissible because they are both hearsay and irrelevant?

B. Defendant (None)

**VI.   ISSUES OF LAW**

A. Plaintiff

    1) Did Defendant Walker's conduct amount to an unlawful seizure in violation Jones's constitutional rights?

    2) Did Defendant Walker's conduct interfere with Jones's exercise of rights secured by the constitution or laws of the United States and Massachusetts by threats, intimidation and coercion thereby violating the Massachusetts Civil Rights Law?

  B.  Defendant

None, we think they are issues of fact, not law.

## VII.  REQUESTED AMENDMENTS TO THE PLEADINGS

  A.  Plaintiff

- Plaintiff requests to dismiss his excessive force claim, Count II of the Complaint.

  B.  Defendant

None

## VIII.  ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

1. Plaintiff will present the deposition testimony of Dr. Wekesa King'Asia via videotape.

2. The parties have stipulated to the authenticity of the following documents:

    a. Wareham Police Custody Report – Bates Stamped Walker 00001-00002
    b. Wareham Police Call Number Report – Bates Stamped Walker 00003
    c. Wareham Police Application for a Criminal Complaint – Bates Stamped Walker 00007-00011
    d. Wareham Police General Order 92-6: Protective Custody of Incapacitated Persons – Bates Stamped Walker 00016-00019
    e. Wareham Police Manual Expert – Bates Stamped Walker 00022-00040
    f. Exhibits from Dr. Wekesa King'Asia March 2, 2006 Deposition.
    g. Mr. Jones Medical records from:

## IX.  PROBABLE LENGTH OF THE TRIAL

The trial is schedule from September 25, 2006 through September 27, 2006. Counsel expects the trial will last three days.

**X.    WITNESSES**

A) Plaintiff

1) Jefferson Jones
   75 Hanson Place Apt. 2A
   Brooklyn, NY 11272
   (718) 237-1729

2) Pamela Jones
   75 Hanson Place Apt. 2A
   Brooklyn, NY 11272
   (718) 237-1729

3) Wekesa King'Asia, M.D, presented by deposition (via video tape)
   175 Remsen Street
   Suite 525
   Brooklyn NY 11201
   (718) 222-2600

4) Rabb Thomas
   325 Lincoln Avenue
   Brooklyn, NY 11208
   (718) 647-1911

5) The most knowledgeable person at the Wareham Police Department to explain documents produced in this case by the Wareham Police Department relating to Jefferson Jones.

B) Defendant

1) Officer Mary Walker
2) Officer George Dionne
3) Officer John Walcek
4) Robert Braum
5) Rollin Buckminster
6) Michael Perola
7) Detective Preston Urquhart

**XI.    EXHIBITS**

A) Plaintiff

6

1) Photographs taken by Pamela Jones of Plaintiff's wrists on June 28, 2003;
2) Exhibits from Dr. Wekesa King'Asia's Deposition, March 2, 2006
    i. King'Asia Exhibit 2 – Bates Stamped Jones 00020;
    ii. King'Asia Exhibit 3 – Bates Stamped Jones 00024;
    iii. King'Asia Exhibit 4 – Bates Stamped Jones 00031;
    iv. King'Asia Exhibit 5 – Bates Stamped Jones 00032
    v. King'Asia Exhibit 6 – Bates Stamped Jones 00005-00011B
    vi. King'Asia Exhibit 7 – Bates Stamped Jones 00039
    vii. King'Asia Exhibit 8 – Bates Stamped Jones 00012
    viii. King'Asia Exhibit 9 – Bates Stamped Jones 00013
    ix. King'Asia Exhibit 10 – Bates Stamped Jones 00014
    x. King'Asia Exhibit 11 – Bates Stamped Jones 00014B, 00066
    xi. King'Asia Exhibit 12 – Bates Stamped Jones 00015
    xii. King'Asia Exhibit 13 – Bates Stamped Jones 00062
    xiii. King'Asia Exhibit 14 – Bates Stamped Jones 00016
    xiv. King'Asia Exhibit 15 – Bates Stamped Jones 00067
    xv. King'Asia Exhibit 16 – Bates Stamped Jones 00068
    xvi. King'Asia Exhibit 17 – Bates Stamped Jones 00018
    xvii. King'Asia Exhibit 18 – Bates Stamped Jones 00017
    xviii. King'Asia Exhibit 19 – Bates Stamped Jones 00019
    xix. King'Asia Exhibit 20 – Jones's Medical Record dated 4/11/05, 9/29/05, 12/28/05, 1/18/06
    xx. Expert Report of Dr. Wekesa King'Asia
3) Wareham Protective Custody Report dated 6/28/03 @1611 – Bates Stamped Walker 00001-00002
4) Dispatch Report – Bates Stamped Walker 00003
5) Application for Criminal Complaint 00007-00011
6) Wareham Police Protective Custody Procedures – Bates Stamped Walker 00016-00019
7) Wareham Police Manual Expert – Bates Stamped Walker 00022-00040

B) Defendant

1. Medical record of Jefferson Jones from Professional Radiology Services, P.C. dated January 26, 2004 re: sonogram of the left and right wrists performed on January 23, 2004.

XII. **OBJECTIONS TO PRE-TRIAL DISCLOSURE**

A) Plaintiff has no objections.

B) Defendant has no objections.

Respectfully submitted,

JEFFERSON JONES
By his attorneys,

/s/ Michael Altman
Michael L. Altman, BBO #016800
Patrick T. Taverna, BBO #664612
Altman Riley Esher LLP
100 Franklin Street
Boston, MA  02110
(617) 399-7300

MARY WALKER
By her attorneys,

/s/ Leonard Kesten
Leonard H. Kesten, BBO #
Peter Montgomery, BBO #632698
Brody, Hardoon, Perkins & Kestin, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100

/s/ Andrew Gambaccini
Andrew Gambaccini, BBO #654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA  01605
(508) 754-7285

Dated:  September 8, 2000