UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>         Plaintiff<br><br>              v.<br><br>MARY M. WALKER, in her individual capacity<br><br>         Defendant | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.05-10102 RWZ<br>)<br>)<br>)<br>) |

**PLAINTIFF JEFFERSON JONES' REQUESTS FOR JURY INSTRUCTIONS**
<u></u>

      The Plaintiff, Jefferson Jones ("Jones") requests that this Court instruct the Jury as follows:

**Plaintiff's Proposed Jury Instruction #1:**
**42 U.S.C. § 1983 (UNLAWFUL SEIZURE)**

### A. Elements of 42 U.S.C. 1983

The Plaintiff filed this action in part under 42 U.S.C. § 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in his or her official capacity.  In a 1983 case, the Plaintiff, Jefferson Jones, must prove three things:

    1)  the Defendant Walker was acting under color of law;

    2)  the Defendant's actions deprived Plaintiff of one or more constitutional rights;[1] and

    3)  the plaintiff was damaged by the defendant's conduct.[2]

### B. Color of Law

"Acting under color of law" means that the Defendant was acting in her official capacity as a police officer. There is no dispute that the Defendant in this case was acting under color of law and you must find that this element is established.

### C. Deprivation of a Constitutional Right

The constitutional right at issue in this case is guaranteed by the Fourth Amendment to the United States Constitution, which protects citizens against unreasonable searches and seizures.[3]  The Plaintiff brings this action claiming that he was seized unlawfully in violation of the Fourth Amendment on June 28, 2003.

---

[1] 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 640 (1980).
[2] Carey v. Piphus, 435 U.S. 247, 256-57 (1978).
[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." U.S. Const. amend. IV.

**D. Definition of Seizure**

Under the Fourth Amendment to the United States Constitution, "a person has been 'seized' . . . if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."[4] The seizure must be accomplished by some display of authority.[5]

**E. Definition of Lawful Seizure**

If you find that the Plaintiff was seized by the Defendant, you then must determine whether the seizure was lawful. The United States Constitution establishes that only "reasonable" seizures are lawful. Seizures are only "reasonable" if the defendant police officer had "probable cause" to believe the seizure was justified by law.[6] If you find that the Defendant did not have probable cause for the seizure, you must find that the Plaintiff's constitutional rights were violated.[7] The defendant officer need not have acted with malice or with intent to deprive the Plaintiff of his rights for there to be an unlawful seizure in violation of the Fourth Amendment.

---

[4] Commonwealth v. Borges, 395 Mass. 788, 791 (1985) (holding that an individual was seized after officers took his shoes) quoting United States v. Mendenhall, 446 U.S. 544 (1980).
[5] California v. Hodari D., 499 U.S. 621, 628-29 (1991).
[6] Beck v. Ohio, 379 U.S. 89, 91 (1964).
[7] Wagenmann v. Adams, 829 F.2d 196, 206 (1st Cir. 1987).

**Plaintiff's Proposed Jury Instruction #2: BURDEN OF PROOF**

If you find that the Plaintiff was seized—deprived of his liberty interest—the Defendant must prove that she acted lawfully in seizing the Plaintiff.  To prove that she acted lawfully, the Defendant must demonstrate by a preponderance of the evidence that there was probable cause for the deprivation of liberty.[8]  Therefore, unless the Defendant proves that it is more likely than not that she had probable cause to believe Jones was incapacitated by alcoholic intoxication, you must find that the seizure was unlawful.

---

[8] Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 40 (2d Cir. 1985); Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir. 1985); Losch v. Borough of Parkesburg, 736 F.2d 903, 909 (3d Cir. 1984). Contra Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998).

**Plaintiff's Proposed Jury Instruction #3: PROBABLE CAUSE**

In Massachusetts, being intoxicated in a public place is not a crime.[9] However, there is a protective custody statute, G. L. c. 111B § 8, in Massachusetts. It allows officers to take into protective custody individuals who are "incapacitated" by consumption of alcohol.[10] An officer may only take an individual into protective custody if she has "probable cause" to believe that a person is "incapacitated."[11] Defendant cannot establish that probable cause existed based on her subjective or personal belief that the Plaintiff was incapacitated.[12] In other words, it is not enough that the Defendant believed there was probable cause to find that the Plaintiff was incapacitated; rather, the facts and circumstances within the Defendant's knowledge, or of which she had reasonably trustworthy information, must have been sufficient to warrant an officer of reasonable caution and prudence to believe that the Plaintiff was "incapacitated" as it is defined by the protective custody statute.[13]

---

[9] Veiga v. McGee, 26 F.3d 1206, 1212, n.7 (1st Cir.1994).
[10] G. L. c. 111B §§ 8, 3.
[11] Commonwealth. v. O'Brien, 434 Mass. 615, 623 & n.10 (2001) citing Commonwealth v. O'Connor, 406 Mass. 112, 120 & n.6 (1989) and Commonwealth v. St. Hilaire, 43 Mass. App. Ct. 743, 747 (1997).
[12] Lewis v. Kendrick, 944 F. 2d 949, 953 (1st Cir. 1991) citing Beck v. Ohio, 379 U.S. 89, 91, 96-97 (1964).
[13] Ornelas v. United States, 517 U.S. 690, 696 (1996); Dunway v. New York, 442 U.S. 200, n.9 (1979); Woodley v. Town of Nantucket, 645 F. Supp. 1365, 1369-70 (D. Mass 1986) citing Floyd v. Farrell, 765 F. 2d 1, 5 (1st Cir.1985).

**Plaintiff's Proposed Jury Instruction #4: INCAPACITATED**

A person is incapacitated when he is both intoxicated by alcohol and either (1) unconscious, (2) in need of medical attention, (3) likely to suffer or cause physical harm.[14]

**A. Intoxicated**

You must first determine whether Defendant had probable cause to believe Plaintiff was intoxicated by alcohol. In order to determine whether the Plaintiff was intoxicated by alcohol, you must consider what facts and reliable information the Defendant knew at the time she took the Plaintiff into protective custody, and whether, based on these facts, a reasonably prudent police officer would have determined that Plaintiff was probably intoxicated by alcohol.[15] You may only consider the information that was actually available to the officer at the time of the seizure. Relevant information that an officer may consider may include her observations, reliable information provided by others, and the results of field sobriety, breathalyzer, and other tests.[16] A person is not deemed to be intoxicated merely because he has consumed alcohol.[17] To find that a person is intoxicated you must find that he was substantially impaired because of the intake of alcohol.[18] Under Massachusetts law, intoxication by any substance other than

---

[14] G.L. c. 111B § 3; Commonwealth v. McCaffery, 49 Mass. App. Ct. 713, n.5 (2000).
[15] See Woodley v. Town of Nantucket, 645 F. Supp. 1365, 1369-70 (D. Mass, 1986) citing Floyd v. Farrell, 765 F.2d 1, 5. (1st Cir.1985).
[16] See Commonweath v. O'Brien, 434 Mass. 615, 623 & n.10 (2001).
[17] "Any person who is administered a breathalyzer test, under this section, shall be presumed not to be intoxicated if evidence from said test indicates that the percentage of alcohol in his blood is five one hundredths or less and shall be released from custody forthwith." G.L. c. 111B § 8.
[18] See O'Hanley v. Ninety-Nine, Inc., 12 Mass. App. Ct. 64, 69 (1981). Compare Kirby v. Le Disco, Inc., 34 Mass. App. Ct. 630, 632 (1993).

alcohol, such as a medication or an unlawful drug, is not sufficient to justify taking a person into protective custody.[19]

If Defendant Walker has not proven that a reasonably prudent police officer would have found that the Plaintiff was intoxicated by alcohol, you must find that the Defendant lacked probable cause to believe the Plaintiff was incapacitated.

### B. Likely to Suffer or Cause Harm

Once a police officer has probable cause to believe that an individual is intoxicated by alcohol, the protective custody statute allows the officer to take that person into protective custody if the individual is "likely to suffer or cause physical harm."  In this case, Defendant Walker asserts that she took the Plaintiff into protective custody because he was likely to suffer physical harm to himself.  Therefore, you must consider whether the Defendant had knowledge of facts, based upon her own observations and trustworthy information provided by others, which were sufficient to support her belief that the Plaintiff was likely to suffer physical harm.

You must assess whether the facts and circumstances as known to the Defendant at the time of the arrest would have led an officer of reasonable prudence to believe that Plaintiff was likely to suffer physical harm to himself.  Drunkenness or intoxication by itself does not justify a seizure under the protective custody statute.  Factors that may support a finding of probable cause that an individual is likely to suffer harm to himself include, but are not limited to, whether the individual is already injured,[20] is about the drive an automobile,[21] or has threatened suicide or harm to himself.  If one or more

---

[19] G. L. c. 111B § 3.
[20] Commonweath. v. O'Brien, 434 Mass. 615, 623 & n.10 (2001).
[21] Commonwealth v. Tomeo, 400 Mass. 23, 24 (1987).

responsible people are available to provide care or support for an individual who appears intoxicated, their availability is a factor that must be weighed in determining whether the individual is a danger to himself..[22]  Whether the individual is likely to harm himself depends upon facts and not upon speculation, rumor, emotion, fear, or even a concern for the individual, unless such concern is supported by facts.

     If you find that Defendant Walker has not proven that a reasonably prudent police officer would have believed that the Plaintiff was likely to suffer physical harm, you must find the Defendant lacked probable cause to believe the Plaintiff was incapacitated.

---

[22] See Commonwealth v. Shipps, 399 Mass. 820, 828-29 & n. 10 (1987).

**Plaintiff's Proposed Jury Instruction #5:**

**INDIVIDUALS HAVE A RIGHT TO CHALLENGE POLICE AND TO REFUSE TO ANSWER QUESTIONS**

Under Massachusetts law, a police officer may ask a person to identify himself. And, when a person is driving an automobile, the driver has an obligation to identify himself and show his or her driving license.[23] However when a person is not driving an automobile, Massachusetts law provides that it is not a violation for a person to refuse to identify himself to a police officer who has requested identification.[24] In other words, in Massachusetts, a person who is not a driver has a right to withhold identification despite being requested to provide an ID by a police officer.

The First Amendment to the United States Constitution also protects a significant amount of criticism directed against police officers.[25] Individuals confronted by the police have a right to object to what they believe is highly questionable activity.[26] It is unlawful for police officers to detain individuals for challenging them or for refusing to answer their questions.[27]

If you find that the Defendant took the Plaintiff into custody not because he was incapacitated, but because he refused to answer her questions, you must find that the Defendant lacked probable cause to believe the Plaintiff was incapacitated.

---

[23] G. L. c. 90 § 11 (person driving an automobile is required to carry and to provide license to operate).
[24] Veiga v. McGee, 26 F.3d 1206, 1213 (1st Cir.1994).
[25] Id. quoting Houston v. Hill, 482 U.S. 451, 461 (1987).
[26] Id. quoting Norwell v. Cincinnati, 414 U.S. 14, 16 (1973).
[27] Id.

**Plaintiff's Proposed Jury Instruction #6:**
**G. L. c. 12 §— MASSACHUSETTS CIVIL RIGHTS ACT**

The Plaintiff has also brought an action for compensatory damages under the Massachusetts Civil Rights Act. The Massachusetts Civil Rights Act provides that no person may interfere by threats, intimidation, or coercion, with any other person's exercise or enjoyment of any of the rights secured by the Constitution or laws of the United States or of the Commonwealth.[28]

In this case, the Plaintiff has alleged that the Defendant, through intimidation or coercion deprived Plaintiff of his right to be free from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution and Article XIV of the Declaration of Rights of the Massachusetts Constitution.

Intimidation involves putting fear into someone for the purpose of compelling or deterring conduct.[29]

Coercion means using physical force upon another to constrain him or to do something against his will that he would not otherwise have done. Coercion would occur if a police officer were to use any amount force to detain an individual or to move him from one place to another.[30]

If you find by a preponderance of the evidence that the Defendant, through either intimidation or coercion, deprived the Plaintiff of his right to be free from unreasonable

---

[28] M.G.L.A. 12 §§ 11I, 11H. This standard of determining whether or not a violation occurred is an objective one based on whether a reasonable person believes a violation of a person's civil rights has occurred. <u>Ayasli v. Armstrong</u>, 56 Mass.App.Ct. 740, 756 (2002).
[29] <u>Planned Parenthood League of Massachusetts, Inc. v. Blake</u>, 417 Mass. 467, 474 (1994).
[30] <u>Deas v. Dempsey</u>, 403 Mass. 468, 471 (1988).

seizure, you must find that the Defendant violated the Plaintiff's rights under the Massachusetts Civil Rights Act.

Case 1:05-cv-10102-RWZ     Document 28     Filed 09/24/2006     Page 11 of 17

**Plaintiff's Proposed Jury Instruction #7: DAMAGES—CAUSATION**

If you find that Plaintiff's constitutional right to be free from unlawful seizure has been violated, and he was injured as a result, he is entitled to damages. Damages may be compensatory or punitive in nature. In determining what damages to award, you must consider what harm or injury was caused by the Defendant's wrongful conduct. To determine what damages were caused by the Defendant's wrongful conduct, you must consider whether it is more probable than not that the Defendant's wrongful conduct was a substantial factor in the resulting injury or harm.[31] It need not be the only factor, and it may combine with some other cause acting at the same time, which when added together, causes the injury.[32]

---

[31] Egervary v. Young, 366 F.3d 238 (3rd Cir. 2004); O'Malley v. Putnam Safe Deposit Vaults, Inc., 17 Mass. App. Ct. 332, 342 (1983) citing Restatement (Second) Torts, § 435 (1965).

[32] Clement v. United States, 980 F.2d 48, 54 (1st Cir. 1992) citing Restatement (Second) Torts, § 432 (2); Restatement (Third) Torts, Liability for Physical Harm § 27 (Proposed Final Draft No. 1, 1965).

**Plaintiff's Proposed Jury Instruction #8: COMPENSATORY DAMAGES**

If the Plaintiff suffered from actual physical or emotional injury that was caused by the Defendant's wrongful conduct, you must award damages in an amount that will compensate him for any harm which the wrongful conduct was a substantial factor.[33] Among the elements of injury you should consider are:

    i. The physical harm to Plaintiff during and after the seizure, including ill health, physical pain, disability, discomfort, and any such physical harm that the Plaintiff will with reasonable certainty, suffer in the future;

    ii. The emotional and mental harm to the Plaintiff during and after the seizure, including fear, humiliation, mental anguish, and any of such emotional or mental harm that will, with reasonable certainty, occur into the future;

    iii. The extent and duration of injuries, including their continuation into the future.

    iv. The loss of past earnings and impairment of future earning capacity;

    v. The reasonable expense of legal services required and received by the Plaintiff to defend himself;

    vi. The reasonable cost of medical care, including psychological treatment, and services required and received by Plaintiff and the expenses that are reasonably expected to occur into the future.

---

[33] Carey v. Piphus, 435 U.S. 247, 254 (1978); Restatement (Second) Torts, § 435 (1965).

**Plaintiff's Proposed Jury Instruction  #9:**
**PRE-EXISTING PHYSICAL CONDITION**

If you find that Plaintiff has a physical condition that existed before the time he was taken into custody on June 28, 2003, you must consider whether the pre-existing condition caused him pain, suffering or disability prior to June 28, 2003.  Plaintiff is not entitled to recover damages for that condition; however, if a pre-existing condition does not cause pain or disability, but the Defendant's actions on June 28, 2003 cause the Plaintiff to suffer pain, disability or other problems, then the Plaintiff may recover all the damages caused by the event.  This is true even if the pre-existing condition made him more vulnerable to physical harm than the average person.[34]

If you cannot separate the pain or disability caused by the pre-existing condition from that caused by the Defendant's handcuffing of the Plaintiff on June 28, 2003, then the Defendant is liable for all of Plaintiff's injuries.  It is the Defendant's burden to prove apportionment between pre-existing damages and those suffered as the result of by the arrest on June 28, 2003.[35]

---

[34] Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 276 (1st Cir. 2000); Restatement (Third) of Torts, Scope of Liability for Physical Harm § 30 (Tentative Draft No. 2, 2002); Restatement (Third) of Torts, Scope of Liability for Physical Harm § 31 (Proposed Final Draft No. 1, 2005).

[35] Stevens v. Bangor, 97 F.3d 594, 603 (1996).

**Plaintiff's Proposed Jury Instruction  #10: DAMAGES—INTEREST**

If you choose to award compensatory damages, you may also award interest to the Plaintiff's award.  In determining whether to award interest you should consider that the alleged deprivation occurred on June 28, 2003, that the case was filed in January of 2005, and the Plaintiff has not had use of the damages you award during the time this litigation has been pending.[36]  If you do award interest, the actual amount will be computed, according to law, by the court clerk.

---

[36] Furtado v. Bishop, 604 F.2d 80, 97-98 (1st Cir. 1980).

**Plaintiff's Proposed Jury Instruction #11: DAMAGES—PUNITIVE DAMAGES**

If you find that the Plaintiff's constitutional right not be unlawfully seized was violated, you may decide whether to award punitive damages.  Plaintiff is entitled to punitive damages if the Defendant's conduct was willful, wanton, deliberate, malicious, or if she acted with reckless disregard for the Plaintiff's constitutional rights. [37]  Any of these things will justify an award of punitive damages.  The purpose of punitive damages is to punish the Defendant and to deter such illegal conduct by the Defendant or others, from recurring.[38]

---

[37] Smith v. Wade, 461 U.S. 30, 51 (1983).
[38] Carey v. Piphus, 435 U.S. 247, 257, n.11 (1978).

        Respectfully Submitted,

        Jefferson Jones
        By his attorneys

        /s/ Michael L. Altman
        Michael L. Altman, BBO #016800
        Patrick Taverna, BBO #664612
        Jennifer H. Lagerquist, BBO #663132
        Altman Riley Esher, LLP
        100 Franklin Street
        Boston, MA  02110
        (617) 339-7300

Dated:  September 24, 2006