UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-10102RCL

| | |
|---|---|
| JEFFERSON JONES, | ) |
| Plaintiff | ) |
| VS. | ) |
| MARY WALKER, in her individual Capacity, | ) |
| Defendant | ) |

**DEFENDANT'S TRIAL BRIEF**

Plaintiff Jefferson Jones challenges the lawfulness of his detention and subsequent placement into protective custody. Whether Officer Walker was justified in taking Mr. Jones into custody must be determined by applying the following principles of law.

The initial contact between defendant Walker and the plaintiff was an investigatory stop. Such a stop constitutes a seizure within the meaning of the Fourth Amendment and is therefore subject to the constitutional imperative that it be reasonable under all the circumstances. Terry v. Ohio, 392 U.S. 1 (1968). An officer's initial actions must be justified at the inception of the stop and subsequent actions must be "responsive to the emerging tableau – the circumstances originally warranting the stop, informed by what occurred, and what the officer learned, as the stop progressed." United States v. Chhien, 266 F.3d 1, 6 (1st Cir. 2001). It is uncontroverted that Officer Walker had been called to the dock in Onset to meet a fishing boat with an intoxicated and disruptive

passenger on board. When the boat did arrive at the dock, there is no dispute that several people pointed out Mr. Jones as the person whose conduct had caused the boat to turn around and come back to port. Officer Walker then began to question the plaintiff. The lawfulness of the stop hinges on whether Officer Walker had a reasonable suspicion to suspect that Jones was intoxicated and had caused trouble on the boat. The question of whether the plaintiff had been disruptive on the boat is irrelevant, as the stop could be based on a reasonable suspticion, even if that suspicion was based upon "a plausible but mistaken view of the facts." __ F. 3d __ (1st Cir. 2006), 2006 WL 2686529 (Sept. 20, 2006), attached hereto. "A finding of reasonable suspicion demands only an objectively reasonable appraisal of the facts -- not a meticulously accurate appraisal." Id. In this case, there can be no question but that Officer Walker was justified in stopping Mr. Jones and questioning him. A report had been made of an intoxicated man causing trouble on this particular boat. Jones was then pointed out as the culprit. Officer Walker had an objectively reasonable suspicion that Jones was intoxicated and was causing trouble.

Once a Terry-stop inquiry is justified, it is expected that the police will ask the individual for identification. "It is clear that there are several investigative techniques which may be utilized effectively in the course of a Terry-type stop. The most common is interrogation, which may include . . . a request for identification." Michigan v. Summers, 452 U.S. 692, 700 n.12 (1981). "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions [and] ask for identification[.]" United States v. Dayton, 536 U.S. 194, 201 (2002)(emphasis added). Therefore, Officer Walker's requests for identification, which Mr. Jones admits were made and which he further

admits he refused to comply with, were lawful inquiries. It is agreed that Mr. Jones failed to provide any identification. The refusal to produce identification may be considered as part of the totality of circumstances justifying detention. U.S. v. Sowers, 136 F.3d 24, 27 (1st Cir. 1998)(inability to confirm identity contributed to officer's "mounting suspicion.")

Under these circumstances, after making the initial inquiry of Mr. Jones and after his refusal to do so, Officer Walker placed Mr. Jones in protective custody. Officer Walker was entitled to consider Mr. Jones' refusal to co-operate or to produce identification among other factors, when deciding whether to place Jones in protective custody. In this case, Mr. Jones was unsteady on his feet and was slurring his words. All of these factors combined amounted to a reasonable suspicion that he was intoxicated and might pose a threat to himself or others.

Respectfully submitted,

S/ Leonard Kesten
Leonard Kesten, BBO #
BRODY, HARDOON, PERKINS &
KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: September 25, 2006