UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-10102RCL

| | |
|---|---|
| JEFFERSON JONES, | ) |
| Plaintiff | ) ) ) ) |
| VS. | ) ) ) |
| MARY WALKER, in her individual Capacity, | ) ) ) ) |
| Defendant | ) ) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**I.     TERRY STOP -- ARTICULABLE SUSPICION**

A law enforcement officer may detain an individual for questioning whenever the officer has a reasonable suspicion that the individual may have violated the law. Once an individual is stopped for investigatory purposes, it is expected that the police will ask the individual for identification. "It is clear that there are several investigative techniques which may be utilized effectively in the course of a Terry-type stop. The most common is interrogation, which may include . . . a request for identification." Michigan v. Summers, 452 U.S. 692, 700 n.12 (1981). "Even when law enforcement officers <u>have no basis</u> for suspecting a particular individual, they may pose questions [and] ask for identification[.]" United States v. Dayton, 536 U.S. 194, 201 (2002)(emphasis added). I instruct you as a matter of law that Officer Walker did not violate Mr. Jones's civil rights by asking him for his identification or by asking him what was wrong, or what had happened. Officer Walker's requests for identification and requests for other information were lawful inquiries.

II.   **PROBABLE CAUSE TO SEIZE**

In order for Officer Walker to have lawfully taken Mr. Jones into custody, there must have been probable cause for his detention. Whether probable cause exists is determined by the totality of the circumstances then known to the officer. Thus you must consider all of the factors then known to Officer Walker in evaluating whether there was probable cause to justify Mr. Jones's seizure.

While officer Walker had the right to ask Jones for identification or other information, Mr. Jones was not required to answer her. *Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). However, Jones's actions in refusing to answer lawful and reasonable questions, could be considered by Officer Walker among the totality of circumstances in determining whether she had the right to place him under protective custody. *United States v. Sharpe,* 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). Thus, his refusal to produce identification or to provide any other information may be considered by you as part of the totality of circumstances that informed Officer Walker's decision. See e.g., U.S. v. Sowers, 136 F.3d 24, 27 (1st Cir. 1998)(inability to confirm identity contributed to officer's "mounting suspicion.").

Unlike the Fifth Amendment where the right to remain silent cannot be used against the individual, here, Mr. Jones refusal to speak may be used to draw a negative inference against Mr. Jones.

### III. SPECIAL INSTRUCTION

Mr. Jones has testified that he was about to produce his identification when he was placed in custody. Officer Walker has testified that he was placed in custody after he refused numerous requests to identify himself. I instruct you that if you find that a reasonable police officer in Officer Walker's position would have believed that the plaintiff was attempting to produce identification and she arrested him despite that, you must find for the plaintiff, Mr. Jones. However, if you find that Mr. Jones refused to provide identification to Officer Walker, after she had asked him to do so, you must find for the defendant.

Respectfully submitted,

S/ Leonard Kesten
Leonard Kesten, , BBO # 542042
BRODY, HARDOON, PERKINS &
KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: September 25, 2006