UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>      Plaintiff<br><br>v.<br><br>MARY M. WALKER, in her individual capacity<br><br>      Defendant | Civil Action No.05-10102 RWZ |

### PLAINTIFF JONES' RESPONSE TO DEFENDANT'S TRIAL BRIEF AND PROPOSED JURY INSTRUCTIONS

Defendant ("Officer Walker") argues in her Trial Brief and her Proposed Jury Instructions, that she asked Plaintiff ("Jones") to produce identification during a lawful "Terry stop," that Jones refused to provide identification, and that his refusal was part of the "totality of the circumstances" which justified taking him into protective custody. These assertions are not based upon the law applicable to this case.

Defendant's first Proposed Jury Instruction would instruct as a matter of law that Jones's constitutional rights were not violated by Officer Walker's questioning.[1] This instruction is irrelevant because whether Walker could question Jones is not an issue in this case. The issue is whether she could "seize" him by cuffing him, putting him in a cruiser, and driving him across town to the police station.

Defendant argues in her second Proposed Jury Instruction that Jones's refusal to provide identification is part of the "totality of the circumstances," which justified his seizure. All cases cited by the Defendant are criminal cases and do not apply because

---

[1] The Defendant's Trial Brief, also argues that Officer Walker had the right to conduct an investigatory "Terry stop."

1

Walker took Jones into custody because he was supposedly "incapacitated" as defined by the non-criminal protective custody statute. Moreover, even if Jones were intoxicated, public drunkenness is not a crime, so mere intoxication would not justify his seizure. Veiga v. McGee, 26 F.3d 1206, 1211-12 & n.7 (1st Cir.1994). The criminal cases cited regarding the "totality of the circumstances" refer to the "mounting suspicion" that may result when an individual suspected of criminal activity refuses to provide identification. Since Jones was not suspected of criminal activity, his refusal to identify himself would not tend to increase the likelihood of his "guilt," or otherwise support a "mounting suspicion" that he was guilty. Rather, "incapacitation" must be based on factual observations relating to that person's physical state—mere refusal to provide identification is irrelevant to Officer Walker's determination of whether Jones was incapacitated. Therefore, the Defendant's second Proposed Jury Instruction is an inappropriate statement of the law and should not be submitted to the Jury.

Finally, Defendant's third Proposed Jury Instruction would impermissibly instruct that Jones's refusal to produce identification authorized a seizure by the police. ("[I]f you find that Mr. Jones refused to provide identification to Officer Walker, after she had asked him to do so, you must find for the defendant."). Defendant does not cite any authority, and this is not the law. Veiga v. McGee, 26 F.3d 1206, 1213 (1st Cir.1994) ("[T]he district court correctly instructed the jury that '[i]t would be unlawful for the police officer to detain Mr. Veiga for refusing to answer their questions or for challenging them.'"). Jones had an affirmative right to challenge Officer Walker and to refuse to answer her questions. Veiga v. McGee, 26 F. 3d 1206, 1213 (1st Cir. 1994) citing Houston v. Hill, 482 U.S. 451 461 (1987) and Norwell v. Cincinnati, 414 U.S. 14

(1973). The law is clear that individuals are only required to respond to inquiries by the police when the state has enacted a "stop and identify" statute, which criminalizes refusal to answer. See Hiibel v. Sixth Judicial Dist. Court of Nevada, 542 U.S. 177, 187-88 (2004). Massachusetts does not have a stop and identify statute and Mr. Jones was not required to answer. See Id. at 182; Commonwealth v. Murphy, 63 Mass. App. Ct. 11, text at nn.8 & 9 (2005) citing Commonwealth v. Stoute, 422 Mass. 782, 790-91 (1996), Hiibel, 542 U.S. at 187-88, and Commonwealth v. Evans, 436 Mass. 369, 374-75 (2002). Therefore, even if this seizure began as a lawful investigatory stop, Mr. Jones had a right to challenge and question the police, and he was not required to provide identification. As the First Circuit stated clearly in Veiga, refusal to answer police cannot be a basis for arrest. Defendant's third proposed Jury Instruction is therefore an incorrect statement of the law and should not be submitted to the Jury.

In sum, Defendant's first Proposed Jury Instruction and the subject of her Trial Brief relate to an undisputed and irrelevant consideration; Defendant's second and third Proposed Jury Instructions impermissibly suggest that refusal to provide identification was independent justification for the seizure. Therefore, none of the Proposed Jury Instructions are appropriate and none of them should be submitted to the Jury.

Respectfully Submitted,

Jefferson Jones
By his attorneys

/s/ Michael L. Altman
Michael L. Altman, BBO #016800
Patrick Taverna, BBO #664612
Jennifer H. Lagerquist, BBO #663132
Altman Riley Esher, LLP

100 Franklin Street
Boston, MA 02110
(617) 339-7300

Dated: September 24, 2006