UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JONES,<br>Plaintiff<br><br>v.<br>MARY M. WALKER, in her individual<br>capacity<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)     Civil Action No.05-10102 RWZ<br>)<br>)<br>)<br>) |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR NEW TRIAL

Defendant Mary M. Walker hereby opposes the Plaintiff's Motion for New

Trial. Plaintiff requested and received a fair and impartial trial by jury. The jury

considered the evidence, drew reasonable inferences from the evidence, and

rendered a just verdict. The plaintiff seeks a new trial arguing that the great

weight of the evidence favored Mr. Jones and scant evidence favored Officer

Walker. To the contrary, there was abundant evidence in support of defendant

Walker's reasonable belief that Jones was intoxicated and posed a danger when

Walker, then a police officer for the Town of Wareham, made the decision to

detain Jones for his own protection.    A new trial will not result in a different

outcome. Because the evidence amply supports a just verdict, the plaintiff's

Motion for New Trial should be DENIED.

The evidence included the following:

Jones admitted that he brought beers and a bottle of whiskey with him

from Brooklyn, NY for what he expected to be a long bus ride to Massachusetts

followed by hours out at sea on a summer day. Jones admitted that he began

drinking before Noon on the day in question and that he later became "pissed

off" when the Charter boat ran out of bait. Jones admitted that he confronted the captain of the boat about the lack of bait and the jury learned that the captain of the boat called his father to have the police greet the boat when it got back to port. The police were informed that there was an intoxicated male on the boat who had caused a disturbance.

The boat eventually arrived at the pier and the captain reported to his father as well as to Office Walker that Jones was intoxicated, had caused a disturbance, and had thrown a beer bottle at one of the boat's crew. Jones, one of the last persons to get off the boat, was pointed out as the culprit. More than one witness testified that Jones was unsteady on his feet and was slurring his speech. Plaintiff's counsel offered a myriad of explanations for that behavior during the trial, i.e. that Jones' fishing boots and "sea legs" made him unsteady, or that his Brooklyn accent could be confused with slurred speech. But the ultimate conclusion remains that Jones could not walk straight and his speech was incomprehensible and that it appeared that he was drunk.

Officer Walker approached Jones in an effort to assess the situation and to get his version of events. She repeatedly asked Jones what had happened on the boat and whether he was 'OK.' Other officers also asked Jones if he was all right. Jones reacted with paranoia. He was not just unwilling to answer simple questions but unable to answer in any coherent way. Jones admitted at trial that he thought then that the officers trying to ascertain his identification were passing codes to one another and trying to trick him. He went on to testify that when he was eventually detained, he thought he was being taken to the woods and that Officer Walker took him alone to the police station because she had evil plans for him. Jones' own testimony about what he perceived at that time

supports Officer Walker's testimony that Jones appeared to be intoxicated and posed a danger to himself or others.

Jones was offered a breathalyzer at the police station. The police report indicates that Jones said that he could not perform the test because he had asthma. However, there was no evidence that Mr. Jones in fact had asthma. The jury was entitled to infer that Jones' "story" about the asthma preventing him from taking the breathalyzer was a ruse that Jones concocted because he knew he was intoxicated and would likely fail a breathalyzer test.[1]

Further, Jones' reaction later that night to his brief detention supports the notion that he was not acting in a rational way at the time. He had himself transported by ambulance to the hospital with a minor handcuff injury. Later, he told his physician that he believed that the police were following him and had tapped his phone. The jury could have inferred from this that Jones was equally irrational when getting off the boat. He had stayed up all night on the bus, spent hours on the high seas in the sun, and had consumed beer and Crown Royal Whiskey. He had also gotten into an argument with the crew of the boat. He was unable to walk and could not answer simple questions. Is it any wonder he appeared incapacitated and confused to the defendant? Officer Walker would have been remiss if she had allowed the defendant to leave in that condition. She did the right thing.

The jury was correctly charged to consider the totality of circumstances that faced Officer Walker when she made the decision to briefly detain Mr. Jones

---

[1] The jury was also allowed to consider Jones' testimony that as a result of his brief detention he developed carpal tunnel syndrome that cost him a lucrative job as untrustworthy and therefore reason to discredit his testimony in other regards.

for his own protection. No matter how often these facts are presented to a jury, the verdict is almost certain to be the same. The verdict reached by this jury was consonant with justice and amply supported by the evidence. It is time for both Mr. Jones and Officer Walker to move on with their lives.

WHEREFORE, defendant Mary M. Walker respectfully requests that this Honorable Court DENY plaintiff's Motion For New Trial.

Respectfully submitted,

MARY WALKER
By her attorneys,

/s/ Leonard Kesten
Leonard H. Kesten, BBO #542042
Peter Montgomery, BBO #632698
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: October 11, 2006